No. 6170.

# L. JOSEPH SISSUNG vs. NEW ORLEANS & WESTERN RAILWAY CO.

## Syllabus.

Involves only issues of fact.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1680. Hon. P. E. Edrington, Judge.

John E. Fleury, for plaintiff and appellee.

E. Howard McCaleb, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The only question presented is whether the damages allowed are excessive.

Plaintiff was injured through the fault of defendant when its car left the track, and after throwing plaintiff from one side to another, finally threw him to the ground.

His chest was bruised; his right leg was lacerated between the knee and ankle; his right ankle was bruised; his left arm was bruised; and his left ankle was also bruised but only slightly.

He was in bed seven days and incapacitated for work for fifteen days. The laceration on his right leg developed into an ulcer, which did not heal for several months.

His actual damage in loss of wages, doctor's bill and drug bill, amounted to about ninety dollars and the trial Judge allowed him in all $300.00.

In assessing damages in cases of this sort " much discretion must be left to the Judge," C. C., 1934, No. 3, and

we do not find that that discretion has been abused in the case at bar.

It is claimed, however, that plaintiff did not make such efforts as he should have made to minimize his damages, but on the contrary aggravated the same by his conduct after the occurrence.

The evidence shows that at the time he was hurt plaintiff was bound for a day's fishing with his friends; that he is a man of gigantic physique and did not realize at the moment that he had been seriously hurt. Accordingly he proceeded with his friends as if nothing had happened, and even carried a heavy load (exceeding 100 pounds) from the point where the car was derailed to the point at which he took the boat for the fishing grounds, a distance of approximately a mile, walking all the way. It was only later during the day when he arrived at the ultimate destination, which was reached by boat, that he began to feel the effects of his shaking up. From that time he rested quietly until he was able to return by boat and by wagon to his home, and consult a physician.

In the first place there is no evidence in this record to show that plaintiff's exertions following the accident contributed in any way to aggravate his injuries, and we are not inclined to search for refined and specious reasons to relieve defendant from the natural consequences of its own negligence.

In the second place we do not think an injured party is required to exercise any more than reasonable prudence. Hence it is not incumbent upon him to take steps to minimize an injury until he realizes that he has in fact been injured to an extent requiring additional prudence on his part.

The plaintiff in this case acted no differently than he would have acted had his injuries resulted from pure ac-

cident, or through his own fault alone and not through any fault of the defendant; and that is all that was required of him. His injuries appeared to him slight at the time; he regarded them as such, and acted accordingly; as soon as he realized they were more serious than at first supposed to be, he took every necessary precaution to relieve his pain and cure his wounds. And this is what any man of ordinary prudence, not bent upon making out a case against defendant from the start, would have done.

To require a party slightly injured to repair at once to a physician, under pain of losing his rights against the person guilty of negligence towards him, would in our opinion be putting a premium upon sham and encouraging trivial claims against carriers.

The judgment appealed from appears to us correct.

Judgment affirmed.

Opinion and decree, November 9th, 1914.